UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| BRENDA L. NORMAN, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:23-cv-609 |
| ENCOMPASS HEALTH REHABILITATION HOSPITAL OF NORTHERN VIRGINIA, LLC, and ENCOMPASS HEALTH CORPORATION | § § § § § | CLASS AND COLLECTIVE ACTION  JURY TRIAL DEMANDED |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Brenda Norman ("Plaintiff" or "Norman"), individually and on behalf of all other similarly situated employees, files this Complaint against Defendants Encompass Health Rehabilitation Hospital of Northern Virginia, LLC ("EHRHNV") and Encompass Health Corporation ("EHC," collectively, "Defendants"), showing in support as follows:

## I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff, a case manager employee, time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek because Defendants paid her on a salary basis and misclassified her as exempt from the FLSA.

2.    Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former case manager employees of Defendants who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked

over 40 in each seven day workweek because Defendants misclassified them as exempt from the FLSA in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.    Plaintiff also brings claims individually and on behalf of a putative class of similarly situated workers pursuant to the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29.2,[1] and its July 1, 2022 amendment (collectively "Virginia State Law"),  for Defendants' failure to pay overtime premium pay for hours worked over 40 during each seven-day workweek.

4.    Plaintiff and the putative Class and Collective Action Members seek all damages available under the FLSA and Virginia State Law, including back wages, liquidated damages, treble damages, legal fees, costs, and pre- and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Brenda L. Norman

5.    Plaintiff is an individual residing in Warren County, Virginia. Plaintiff has standing to file this lawsuit.

6.    Plaintiff began working for Defendants as a full-time case manager employee on or about June 14, 2021 through on or about March 31, 2023. Plaintiff is a current employee, but is employed in a part time capacity.

7.    At all times relevant, Plaintiff was paid on a salary basis of approximately $75,000 per year.

---

[1]    A copy of the version of VOWA in effect from July 1, 2021 through June 30, 2022 is attached hereto as **Exhibit 1.**

8.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as **Exhibit 2**.

**B.     Collective Action Members**

9.     The putative Collective Action Members are all current or former case manager employees of Defendants who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek because they were misclassified as exempt employees paid on a salary basis. Because Defendants did not pay all overtime premium compensation due to their employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     Defendant Encompass Health Rehabilitation Hospital of Northern Virginia, LLC ("EHRHNV").**

11.     Defendant is a limited liability company organized under the laws of the State of Delaware.

12.     During all times relevant to this lawsuit, Defendant has done business in the State of Virginia.

13.     Defendant's principal place of business as listed with the Virginia Secretary of State is 9001 Liberty Parkway; Birmingham, AL 35242.

14.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

3

16.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17.    Defendant employed two or more employees who regularly engaged in commerce in their daily work.

18.    Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

19.    On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20.    Defendant may be served with summons through its registered agent, Corporation Service Company at 100 Shockoe Slip Fl 2, Richmond, VA 23219.

**D.    Defendant Encompass Health Corporation ("EHC")**

21.    Defendant is a publicly traded corporation organized under the laws of the State of Delaware.

22.    Defendant EHRHNV is a wholly owned subsidiary of Defendant EHC.

23.    During all times relevant to this lawsuit, Defendant has done business in the State of Virginia.

24.    Defendant's principal place of business as listed with the Virginia Secretary of State is 9001 Liberty Parkway; Birmingham, AL 35242.

25.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

26.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

27.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

28.     Defendant employed two or more employees who regularly engaged in commerce in their daily work.

29.     Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

30.     Based on publicly available SEC records, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

31.     Defendant may be served with summons through its registered agent, Corporation Service Company at 100 Shockoe Slip Fl 2, Richmond, VA 23219.

### III.     JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

33.     The United States District Court for the Eastern District of Virginia has personal jurisdiction over Defendants because Defendants do business in Virginia and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Virginia and in this District.

34.     This Court properly exercises supplemental jurisdiction over Plaintiff's Virginia State Law claims pursuant to 28 U.S.C. § 1367.

35.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.     FACTUAL BACKGROUND

36.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

37.     Plaintiff was employed by Defendants as a case manager in connection with their healthcare services business operations. Her job duties involved completing paperwork relative to coordinating discharges from patients leaving the hospital and communicating appointments and instructions set by doctors, nurses and therapists. These job duties were routine and did not include the exercise of discretion.

38.     Case managers did not provide nursing care or clinical treatment. Case managers did not provide direct medical care to patients. Case manager duties do not require advanced knowledge or study. There was no requirement that a case manager have a medical background, license, or a bachelor's degree.

39.     Plaintiff routinely worked in excess of 40 hours per workweek for Defendants. Plaintiff's weekly work schedule typically encompassed approximately up to 60 hours of work for Defendants on average. However, Defendants did not pay Plaintiff and the putative Collective Action Members time and one-half the regular rate of pay for all hours worked over 40 during each workweek.

40.     During times relevant, Defendants employed numerous other case manager employees in connection with its healthcare services business operations who are/were similarly situated to Plaintiff. Those case manager employees are/were also paid on a salary basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

41.     Defendants' uniform wage payment policy and/or practice resulted in Plaintiff and similarly situated employees not being paid all overtime wages owed to them by Defendants in violation of the FLSA.

## V.     CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging Violations of the FLSA)**

**A.     FLSA Claims for Overtime Pay.**

42.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43.     At all relevant times, Defendants were, together and separately, eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d).

44.     At all times relevant to this lawsuit, Defendants have been and are enterprises engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff and putative Collective Action Members are/were employees of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e).

46.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

47.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendants.

48.     Defendants were required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

49.     Defendants failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

50.     Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

51.     Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

52.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

53.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

54.     Plaintiff and putative Collective Action Members seek all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

B.   **Collective Action Claims.**

55.   Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

56.   Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

57.   Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former case manager employees of Defendants who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek because they were misclassified as exempt employees paid on a salary basis for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

58.   Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

59.   The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

60.   Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

61.   The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

62.   Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

63. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

64. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## COUNT TWO
### (Class Action Alleging Violations of the Virginia State Law)

**A.** **Virginia State Law Claims**

65. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

66. The Virginia Overtime Wage Act went into effect on July 1, 2021, and provides employees in Virginia with a state law right of action to recover overtime premiums earned for all work performed in excess of 40 hours per week. Va. Code Ann. § 40.1-29.2 ("VOWA").

67. VOWA requires that employers like Defendants pay non-exempt employees an overtime premium of not less than one and one-half times the employee's regular rate of pay. *See* Va. Code. Ann. § 40.1-29.2(B).

68. Since July 1, 2021, Defendants have been "employers" within the meaning of VOWA. *See* Va. Code Ann. § 40.1-29.2(A).

69. Since July 1, 2021, Plaintiff and the Virginia State Law Class Members have met the definition of "employee" per VOWA. *See id.*

70. Defendants are not exempt from paying Plaintiff and the Virginia State Law Class Members their overtime premium in accordance with VOWA.

71. Defendants violated VOWA by failing to pay Plaintiff and the Virginia State Law Class Members overtime wages for time spent working in excess of forty (40) hours per week.

10

72.     Plaintiff and the Virginia State Law Class Members seek to recover their unpaid overtime owed to them as a result of Defendants' state-wide policy to impermissibly misclassify its case manager employees as exempt from payment of overtime wages.

73.     Plaintiff and the Virginia State Law Class Members have suffered damages and continue to suffer damages as a result of Defendants' actions or omissions as described herein, but Defendants are in possession and control of necessary documents and information from which Plaintiff and the Virginia State Law Class Members would be able to precisely calculate their damages.

74.     Defendants have knowingly violated VOWA by failing to pay overtime wages, and are thus liable for treble damages.

75.     Accordingly, Plaintiff, on behalf of herself and the Virginia State Law Class Members, seeks recovery of the unpaid overtime premiums earned and due, double or treble damages, and attorneys' fees and costs for the time period of July 1, 2021 through June 30, 2022 under VOWA. *See* Va. Code Ann. § 40.1-29(J).

76.     After June 30, 2022, the Virginia State Law Class Members seek damages pursuant to the amended VOWA§ 40.1-29.2.

77.     The amended VOWA holds that "any employer who violates the overtime pay requirements of the federal Fair Labor Standards Act […] shall be liable to the employee for applicable remedies […] in an action brought pursuant to the process in subsection J of § 40.1-29." *Id.*

78.     After June 30, 2022, Defendants have been "employers" within the meaning of the amended VOWA. *See* Va. Code Ann. § 40.1-29.2.

79.     After June 30, 2022, Plaintiff and the Virginia State Law Class Members have met the definition of "employee" per the amended VOWA. *See id.*

80.     Defendants are not exempt from paying Plaintiff and the Virginia State Law Class Members their overtime premium in accordance with the amended VOWA.

81.     Defendants violated the amended VOWA by failing to pay Plaintiff and the Virginia State Law Class Members overtime wages for time spent working in excess of forty (40) hours per week.

82.     Plaintiff and the Virginia State Law Class Members seek to recover their unpaid overtime owed to them as a result of Defendants' state-wide policy to impermissibly misclassify its case manager employees as exempt from payment of overtime wages.

83.     This violation caused Plaintiffs to suffer damages as a result of Defendants' actions or omissions as described herein, but Defendants are in possession and control of necessary documents and information from which Plaintiff and the Virginia State Law Class Members would be able to precisely calculate their damages during this time period.

84.     Accordingly, Plaintiff, on behalf of herself and the Virginia State Law Class Members, seeks recovery of the unpaid overtime premiums earned and due, double damages, and attorneys' fees and costs for the time period after June 30, 2022 under the amended VOWA. *See* Va. Code Ann. § 40.1-29.2.

**B.    Class Action Claims**

85.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

86.     Plaintiff brings her Virginia State Law claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

87.     Plaintiff proposes an initial definition of the Virginia State Law Class Members as:

**All current and former case manager employees of Defendants who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek because they were misclassified as exempt employees paid on a salary basis for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

88.     Plaintiff and the Virginia State Law Class Members were or have been employed by Defendants since July 1, 2021, and have been covered employees entitled to the protections of VOWA.

89.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

90.     <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The Virginia State Law Class is so numerous that joinder is impracticable. On information and belief, the number of Virginia State Law Members exceeds forty (40).

91.     <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Virginia State Law s, including but not limited to, the following:

a.   Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by failing to pay Plaintiff and the putative Virginia State for hours worked over forty (40) in each seven (7) day workweek at the applicable overtime premium rate of time and one half the regular rate of pay, and;

b.   The proper measure of damages sustained by the putative Virginia State Law.

92.     <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative Virginia State Law Class. Plaintiff, like other Virginia State Law Class Members, was subject to Defendants' policies or practices of failing to pay all due and owing overtime wages by

13

paying Plaintiff and the putative Virginia State Law Class Members a day rate and/or straight time hourly wages without overtime premium pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative Virginia State Law Class.

93.     Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative Virginia State Law Class.

94.     Adequacy of Representation (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative Virginia State Law Members.

95.     Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Virginia State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Virginia State Law Class predominate over any questions affecting only individual members of the putative Virginia State Law Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies or practices unlawfully failed to compensate members of the putative Virginia State Law Class. The damages suffered by individual Virginia State Law Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' policies or practices.

96.     <u>Ascertainability</u> – The identity of the members of the Virginia State Law Class is readily ascertainable based on Defendant's records.

97.     <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all Virginia State Law Class Members to the extent provided by Rule 23.

## VI.    JURY DEMAND

98.     Plaintiff demands a jury trial.

## VII.    DAMAGES AND PRAYER

99.     Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective and Class Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a.  An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.  An order certifying this case as a class action under Rule 23 for the Virginia State Law claims;

c.  All damages allowed by the FLSA and Virginia State Law, including back wages, an additional equal amount as liquidated damages, and triple damages as appropriate;

d.  Legal fees;

e.  Costs;

f.  Pre- and Post-judgment interest, as permitted by law;

g.  All other relief to which Plaintiff and the putative Collective/Class Action Members may be justly entitled.

Respectfully submitted,
**Brenda Norman, on behalf of herself and others similarly situated,**
Plaintiff

15

By:___*/s/ Zev Antell*_____
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

and

Melinda Arbuckle *(to be admitted PHV)*
marbuckle@wageandhourfirm.com
Ricardo J. Prieto *(to be admitted PHV)*
rprieto@wageandhourfirm.com
Wage and Hour Firm
5050 Quorum Drive, Suite 700
Dallas, TX 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile


*Attorneys for Plaintiffs*