IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRENDA L. NORMAN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-01518 (AJT/WBP) ) |
| ENCOMPASS HEALTH REHABILITATION HOSPITAL OF NORTHERN VIRGINIA, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Compel ("Motion"; ECF No. 94), in which Defendants ask the Court to require Opt-In Plaintiff Jenna Dukes to produce, in full and without redaction, the handwritten notes she referenced during her March 2, 2025, deposition. For the reasons below, Defendants' Motion is GRANTED in part and DENIED in part.

I.

On September 26, 2023, Plaintiff Brenda Norman filed a Class and Collective Action Complaint against Encompass Health Rehabilitation Hospital of Northern Virginia, LLC and Encompass Health Corporation (collectively with other related hospital entities later added to the action, "Encompass Health") alleging violations of the Fair Labor Standards Act ("FLSA") and the Virginia Overtime Wage Act ("VOWA"). (ECF No. 1.) In her Complaint, Ms. Norman alleges that she worked for Encompass Health as a case manager and that Encompass Health failed to pay her overtime when she worked more than 40 hours in a seven-day workweek. (*Id.* ¶ 1.) Ms. Norman filed her lawsuit individually and on behalf of all similarly situated current and

former case manager employees of Encompass Health, and the district judge granted in part and denied in part her motion for conditional certification of a FLSA collective action on July 12, 2024. (ECF Nos. 34, 53.)

On September 19, 2024, Jenna Dukes joined the suit as an Opt-In Plaintiff, having worked for an Encompass Health entity as a care coordinator. (ECF No. 65; ECF No. 95-1 at 4.) In that role, among other things, Ms. Dukes facilitated team conferences, met with patients, made referrals for outpatient therapy, and coordinated transportation for patients at discharge. (ECF No. 95-1 at 4.) Ms. Dukes left her employment with the Encompass Health entity in late 2023, and she now works as a care manager at another hospital. (*Id.* at 3.)

II.

Ms. Dukes was deposed on March 2, 2025, over Zoom.[1] (ECF No. 95 at 2.) During the deposition, Ms. Dukes was asked how she described her job duties with Encompass Health when she later interviewed with potential employers. (*Id.*) While answering these questions, Ms. Dukes looked at handwritten notes on a single loose-leaf piece of paper (the "notes") that could not be seen on camera. When Encompass Health's counsel asked Ms. Dukes if she had been referring to her own documents or notes, she said she had because her "job [at Encompass Health] encompassed so much that [she] want[ed] to make sure that [she was] clear" about what she did. (ECF No. 95-1 at 3.) Ms. Dukes' counsel was unaware that Ms. Dukes had notes with her at the deposition—given that the deposition was occurring remotely—and did not know of their contents. (ECF No. 98 at 4; ECF No. 98-5 at 3.) When Encompass Health's counsel requested a copy of the notes, Ms. Dukes' counsel agreed to provide them after the deposition and instructed

---

[1] During the deposition, Ms. Dukes' counsel, Melina Arbuckle, sat remotely in Dallas, Texas, while Ms. Dukes sat in her home in Glen Allen, Virginia. (ECF No. 98 at 3.)

Ms. Dukes to put the notes away, which she did. (ECF No. 95-1 at 3-4.) In opposing the Motion, Ms. Dukes described the notes as "handwritten notes reflecting [legal services and advice she received from counsel] and, separately, reflecting [her] recollection of relevant case facts pertaining to [her] job duties . . . ." (ECF No. 98-5 ¶ 5.)

Some weeks later, Ms. Dukes' counsel produced a redacted version of the notes, asserting that the redactions protected attorney-client communications. (ECF No. 95 at 3.) Relying on Rule 612 of the Federal Rules of Evidence, Encompass Health requested production of the notes without redactions. (*Id.*) After attempting to meet and confer over the issue without success, Encompass Health filed the instant Motion.

At the Court's request, Ms. Dukes submitted an unredacted copy of the notes for *in camera* inspection. As a whole, the notes appear to the Court to serve as a prompt to help Ms. Dukes answer deposition questions, and the redactions include (1) a list of verbs and other terms, (2) notes relating to the difference between exempt and nonexempt employees, (3) phrases that could be used to respond to deposition questioning, and (4) other miscellaneous notes ("disputed notes"). On April 25, 2025, the Court heard argument on the Motion.

III.

A.

District courts have "substantial discretion" in deciding how to rule on a motion to compel discovery. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. CIV. P. 26(b)(1). Here, Encompass Health moves to compel Ms.

3

Dukes to produce the handwritten notes she consulted during her deposition, including portions that relate to discussions with her counsel when she prepared for her deposition.

Federal Rule of Evidence 612, which applies to depositions,[2] addresses writings used to refresh a witness's memory, and it distinguishes between writings used "while testifying" from writings used "before testifying." *See* FED. R. EVIDENCE 612. When a witness uses a writing to refresh her memory *while testifying*, Rule 612(a)(1) gives an adverse party "certain options," including the option to (1) have the writing produced at the hearing, (2) inspect the writing, (3) cross-examine the witness about the writing, or (4) introduce into evidence any portion of the writing that relates to the witness' testimony. FED. R. EVIDENCE 612(a) and (b). If the witness uses a writing to refresh her memory *before testifying*, the adverse party only has these options "if the court determines that justice [so] requires." FED. R. EVIDENCE 612(a)(2). Here, there is no dispute that Ms. Dukes consulted her notes while she was testifying at her deposition.

Rule 612 also provides that, "[i]f the producing party claims that the writing includes *unrelated matter*, the court must examine the writing *in camera*, delete any unrelated portion, and order that the rest be delivered to the adverse party." FED. R. EVIDENCE 612(b) (emphasis added).

B.

Encompass Health argues that Rule 612 requires Ms. Dukes to produce an unredacted copy of her notes because she consulted them during her deposition. (ECF No. 95 at 2.) Courts generally have held that an adverse party is entitled to review documents used by a witness while testifying. *See Brown v. Tethys Bioscience, Inc.*, No. Civ. A. 3:11MC11, 2011 WL 4829340, at *1 (E.D. Va. Oct. 11, 2011) (referring to documents that contain privileged information and

---

[2] *See* FED. R. CIV. P. 30(c).

stating "[u]nder Rule 612[], a party is entitled to the production of documents actually used by a witness *while* testifying."); *see also Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 240 (D. Md. 2010) ("[D]ocuments used to refresh a witness's memory while testifying must be produced."). Rule 612's legislative history also supports this position. *See* H.R. No. 93-650, at 13 (stating that Rule 612 "require[s] the production of writings used by a witness while testifying.")

But even though a deponent may rely on a document to refresh her recollection while testifying, Rule 612 does not always require *full* production of the document. Instead, "[i]f the producing party claims that the writing includes unrelated matter, Rule 612 instructs the court to "examine the writing *in camera*, delete any unrelated portion, and order that the rest be delivered to the adverse party." FED. R. EVIDENCE 612(b).

Thus, the question is whether the disputed notes are sufficiently "unrelated" to Ms. Dukes testimony, such that they need not be produced to Encompass Health under Rule 612. Ms. Dukes claims that the disputed notes are not related to her testimony because they reflect privileged conversations between her and her counsel, and the disputed notes "were neither pertinent to the facts nor the testimony" she provided. (ECF No. 98 at 4.) Setting aside for the moment the issue of privilege and focusing on whether the notes are "unrelated" to the case, the Court disagrees with Ms. Dukes.

Along with reviewing the unredacted notes, the Court also reviewed portions of Ms. Dukes' deposition transcript relating to the notes and their use in her testimony. (ECF Nos. 95-1, 98-1, and 98-3). From reviewing this material, the Court concludes that the disputed notes not only are directly related to Ms. Dukes' testimony, they appear to have been drafted to serve as a prompt to help her respond to deposition questions, both as to the facts of the case and to the

5

form of her answers.[3] Indeed, Ms. Dukes overtly recites some of the terms listed in the notes when describing her job duties with Encompass Health (ECF No. 95-1 at 4), and the Court is otherwise persuaded that the disputed notes are directly related to the case and impacted her testimony. *See Cunningham v. McBride,* No. 3:21-CV-247-MAB, 2023 WL 7300083, at *4 (S.D. Ill. Nov. 6, 2023) (holding that a deponent's review of his notes during a deposition were related to and had an impact on the deponent's testimony).

Ms. Dukes also argues that she should not be required to produce the disputed notes because they contain material protected by the attorney-client privilege, which she did not waive because "(1) she did not place the privileged communications in issue, (2) she did not divulge the contents of [the] notes, and (3) she did not attempt to use them offensively to bolster her credibility or assert a new claim." (ECF No. 98 at 4, 7.) Relying on the legislative history of Rule 612, Ms. Dukes argues that "nothing in the Rule [should] be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." *See* H.R. No. 93-650, at 2. But for decades, courts have found that, when a witness uses a document to refresh their recollection, privilege is not a complete safeguard against disclosure. *See Brown*, 2011 WL 4829340, at *2; *Antero Res. Corp. v. Tejas Tubular Prods., Inc.*, 516 F. Supp. 3d 752, 754-55 (S.D. Ohio 2021) ("[T]he existence of a privilege does not protect against disclosure required under" Rule 612.). In fact, courts have held that the attorney-client privilege and other work product protections are *waived* once a witness relies on them for their testimony. *See e.g.*, *Coryn Group II, LLC*, 265 F.R.D. at 245; *see also Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994) ("When '[c]onfronted with the conflict between the command of Rule 612 to disclose

---

[3] The Court was only provided a portion of Ms. Dukes' deposition transcript, so it cannot determine whether Ms. Dukes' explicitly recited anything from the disputed notes at other times during the deposition.

materials used to refresh recollection and the protection afforded by the attorney-client privilege . . . the weight of authority holds that the privilege . . . is waived.'") (quoting *S & A Painting Co. v. O.W.B. Corp.,* 103 F.R.D. 407, 408 (W.D. Pa.1984)). In this circumstance, allowing a party to use the attorney-client privilege as a shield to withhold the production of a document used to formulate testimony would be "patently unfair" to an adverse party. 1 MCCORMICK ON EVID. § 9 (8th ed.)

For these reasons, the Court finds that Ms. Dukes used her notes (including the disputed notes) during her deposition testimony, these notes related to and impacted her testimony, and they must be produced, even though they may contain some material over which she asserts the attorney-client privilege.

IV.

Encompass Health requests that Ms. Dukes pay its reasonable expenses, including attorneys' fees, incurred in advancing the Motion. (ECF No. 95 at 6.) Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted, a court must require the party "whose conduct necessitated the motion" to pay the movant's reasonable expenses, including attorneys' fees unless the opposing party's nondisclosure was substantially justified. FED. R. CIV. P. 37(a)(5)(A). Encompass Health claims that Ms. Dukes' arguments were not substantially justified because Ms. Dukes relied on case law outside the Fourth Circuit and because Ms. Dukes prepared a "sham declaration." (ECF No. 99 at 9.) Ms. Dukes claims her nondisclosure is substantially justified because it was in good faith and in an effort to balance the competing interests of disclosure and privilege. (ECF No. 98 at 13.)

The Court will not order an award of attorneys' fees against Ms. Dukes. Ms. Dukes has made a good faith argument about her interpretation of Rule 612, which she supported with case

7

law outside this Circuit and with legislative history. Thus, the Court finds that Ms. Dukes' nondisclosure was substantially justified, and the nondisclosure does not warrant an award of attorneys' fees.

V.

Accordingly, for the reasons above, it is hereby

ORDERED that Encompass Health's Motion is GRANTED in part and DENIED in part; and it is further

ORDERED that Ms. Dukes produce the full, unredacted, handwritten notes she relied on during her March 2, 2025, deposition to Encompass Health on or before May 2, 2025.

Entered this 25th day of April 2025.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia